Michael K. Erickson (12503)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
merickson@rqn.com

Jake Sommer (*pro hac vice forthcoming*)
Ben Thomassen (*pro hac vice forthcoming*)
Whitney Fore (*pro hac vice forthcoming*)
**ZwillGen PLLC**
1900 M Street NW, Ste 250
Washington, DC 20036
Telephone: (202) 296-3585
Jake@zwillgen.com
Ben.Thomassen@zwillgen.com
Whitney@zwillgen.com

*Attorneys for Defendant Whatnot Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KEVIN PARKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WHATNOT INC., a Delaware corporation; and Does 1-10,<br><br>Defendants. | **DEFENDANT WHATNOT INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**<br><br>Case No.:<br>Judge:<br>Magistrate Judge:<br><br>Removed from Third Judicial District Court for Salt Lake County, State of Utah, Case No. 250908944 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, PLAINTIFF KEVIN PARKER, AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Whatnot Inc. ("Whatnot") hereby removes this action from the Third Judicial District Court in and for Salt Lake County, State of Utah to the United States District Court for the District of Utah.

In support of this notice of removal, Whatnot states as follows:

## I. PLAINTIFF'S COMPLAINT

1. On or around November 5, 2025, plaintiff Kevin Parker filed a complaint in the Third Judicial District Court in and for Salt Lake County, State of Utah entitled *Parker v. Whatnot, Inc.*, Case No. 250908944 (the "Complaint," a copy of which is attached hereto as Exhibit A).

2. Plaintiff's Complaint asserts a several causes of action arising from Whatnot's alleged operation of a "gambling enterprise" through an online platform. He seeks damages under Utah Code Ann. § 76-9-1412 and various common law theories.

3. Whatnot is the only non-fictitious defendant in this action, though the Complaint also names "DOES 1 - 10." (Compl. at p. 1.)

## II. REMOVAL IS TIMELY

4. This action was filed on or around November 5, 2025, in Salt Lake County, State of Utah. (Compl. at p 8.)

5. Plaintiff first served a copy of the Complaint and certain other materials related to this action on Whatnot on December 5, 2025. (Decl. of Michael P. Waks ¶ 3.)

6. Because Whatnot filed this notice of removal within 30 days following its receipt of the Complaint, removal is timely. 28 U.S.C. § 1446(b)(1).

## III. THIS ACTION IS REMOVABLE UNDER 28 U.S.C. § 1332(a)

7. Federal jurisdiction exists over this removed action under 28 U.S.C. § 1332(a). Section 1332(a) provides that the United States District Courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Each requirement of Section 1332(a) is met here.

### A. The Amount in Controversy Exceeds $75,000.

8. Under Section 1332(a), the amount-in-controversy requirement is satisfied where the amounts implicated by the plaintiff's claim exceed the sum or value of $75,000, exclusive of interest and costs. "The amount in controversy is ordinarily determined by the allegations of the complaint[.]" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

9. Here, while Defendant denies all liability and disputes that Plaintiff is entitled to any recovery whatsoever, the Complaint alleges that Plaintiff is entitled to damages in the amount of $10,466,530.21 – i.e., the portion of the money he allegedly spent using Whatnot's online platform that he contends were for unlawful "gambling-style transactions" with Whatnot users and are recoverable from Whatnot in this action as economic losses. (Compl. ¶¶ 34.) Plaintiff further alleges that he is entitled to "double damages" pursuant to Utah Code § 76-9-1412. Plaintiff's allegations therefore satisfy Section 1332(a)'s amount-in-controversy threshold.

### B. The Parties are Minimally Diverse.

10. Diversity of citizenship exists under 18 U.S.C. 1332(a) if the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1441(b), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

11. "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir.1983)).

12. Here, Plaintiff alleges he is "domiciled in Salt Lake County, State of Utah." (Compl. ¶ 1.) Plaintiff is therefore a citizen of Utah for the purposes of Section 1332(a)(1).

3

13. For diversity purposes, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is the corporation's "nerve center" – i.e., "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

14. Here, Whatnot is incorporated in Delaware and its nerve center is located in California, which is where its officers direct, control and coordinate Whatnot's activities. (Decl. of Michael P. Waks ¶ 2; *accord* Compl. ¶ 2 ("Defendant Whatnot . . . is a Delaware corporation with headquarters in California.").) Whatnot is therefore a citizen of Delaware and California for the purposes of Section 1332(a)(1).

15. Plaintiff and Whatnot are therefore "citizens of different States." 28 U.S.C. § 1332(a)(1).

**IV. VENUE**

16. Plaintiff filed his Complaint in the Third Judicial District Court in and for Salt Lake County, State of Utah, which is located within the District of Utah, Central Division. 28 U.S.C. § 125(2). This Notice of Removal is thus properly filed in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a).

**V. NOTICE**

17. 28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. These materials are attached to this Notice as Exhibit A.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be contemporaneously filed with the Clerk of the Third Judicial District Court in and for Salt Lake County, State of Utah and served upon Plaintiff.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Whatnot Inc. removes this action from the Third Judicial District Court in and for Salt Lake County, State of Utah, to this Honorable Court, the United States District Court for the District of Utah.

DATED this 31st day of December, 2025.

                                       **RAY QUINNEY & NEBEKER P.C.**

                                       */s/ Michael K. Erickson*
                                       Michael K. Erickson

                                       **ZwillGen PLLC**
                                       Jake Sommer (*pro hac vice forthcoming*)
                                       Ben Thomassen (*pro hac vice forthcoming*)
                                       Whitney Fore (*pro hac vice forthcoming*)

                                       *Attorneys for Defendant Whatnot Inc.*